UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PB GROUP, INC.,

        Plaintiff,

vs.

PROFORM THERMAL SYSTEMS, INC.,
and NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

        Defendants,

Case No. 06-CV-15755
HON. GEORGE CARAM STEEH

and

PROFORM THERMAL SYSTEMS, INC.,

        Counter-plaintiff,

vs.

PB GROUP, INC.,

        Counter-defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (#11)

Plaintiff PB Group (PBG) moves for leave to file an amended complaint adding claims against Proform Thermal Systems, Inc. of breach of contract, unjust enrichment, quantum meruit/quantum valebant, and promissory estoppel relative to the construction of an Iowa Laboratory Facility in Ankeny, Iowa. PBG's current claims against Proform and North American Specialty Insurance Company (NASIC) of breach of contract, unjust enrichment, quantum meruit/quantum valebant, and promissory estoppel involve construction of the University of Michigan Biomedical Science Research Building in Ann

Arbor, Michigan. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

PBG filed this federal lawsuit on December 27, 2006 alleging it is owed $166,561.00 by contractor Proform and bond issuer NASIC for services and materials PBG provided at the Michigan construction project under an August 20, 2003 Purchase Order and September 19, 2005 Change Order. Subject matter jurisdiction is premised on diversity jurisdiction, with PBG being a New York corporation with its principal place of business in New York, Proform being a Minnesota corporation with its principal place of business in Minnesota, and NASIC being a New Hampshire corporation with its principal place of business in New Hampshire. PBG seeks leave to add amended claims that it is also owed $30,904.00 by Proform for services and materials PBG provided at the Iowa construction under a May 5, 2003 Purchase Order. Proform argues the court should deny PBG's motion for leave to amend because venue is improper over the Iowa project claims here in Michigan.

### § 1391. Venue generally

**(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

PBG asserts that venue is proper under § 1391(a)(3) because an Iowa federal district court, or any other federal district court, would lack federal subject matter jurisdiction over the

2

Iowa project claim of only $30,904.00, being less than the federal diversity subject matter jurisdictional amount of $75,000.00. See 28 U.S.C. § 1332(a).

The Sixth Circuit has explained:

> A federal court's original jurisdiction is created by statute enacted under Article III, which functions as a fundamental limit on federal power. Because it is a fundamental "subject matter" limitation on federal judicial power, a defect in a federal court's original jurisdiction need not be asserted by any party, cannot be waived by any party, and must be raised by a Court sua sponte when noticed.

Ku v. State of Tennessee, 322 F.3d 431, 433 (6th Cir. 2003) (citing Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998)). See also Federal Rule of Civil Procedure 12(h)(3) (authorizing the court to dismiss an action whenever it appears by suggestion or otherwise that the court lacks subject matter jurisdiction). PBG concedes, as it must, that a federal district court would lack original federal subject matter jurisdiction over the Iowa project claims.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To form the same case or controversy for purposes of Article III, the claims must derive from "a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Supplemental jurisdiction should not be exercised where "two separate factual inquiries are required" to resolve the claims. See Salei v. Boardwalk Regency Corp., 913 F.Supp. 993, 999 (E.D. Mich. 1996). Whether to exercise supplemental jurisdiction is a decision for the district court's discretion. Kauffman v. Allied Signal, Inc.,

3

Autolite Div., 970 F.2d 178, 187 (6th Cir. 1992).

PBG's claims based on the Iowa project do not "form part of the same case or controversy under Article III" as PBG's claims arising from the Michigan project. PBG's breach of contract claim under the Iowa project involves a May 5, 2003 Purchase Order, while PBG's breach of contract claim under the Michigan project involves a separate August 20, 2003 Purchase Order and September 19, 2005 Change Order. PBG's performance was rendered in entirely different states, with only the Michigan project allegedly covered by a construction bond issued by NASIC. Clearly, two separate factual inquiries would need to be made as to PBG's Iowa project and Michigan project claims, and thus, the claims do not share a requisite common nucleus of operative fact. The court would decline to exercise supplemental jurisdiction over the Iowa project claims consistent with the requirements of 28 U.S.C. § 1367(a), and therefore granting PBG leave to file the Iowa project claims would be futile because they would not survive a motion to dismiss for lack of federal subject matter jurisdiction. Foman v. Davis, 371 U.S. 178, 182 (1962). It being apparent to the court that it lacks jurisdiction over PBG's proposed amended claims premised on the Iowa project,

Plaintiff PBG's motion for leave to file amended claims is hereby DENIED.

SO ORDERED.

Dated: July 16, 2007

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 16, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk